**JAVERBAUM WURGAFT HICKS**
**KAHN WIKSTROM & SININS, P.C.**
By: Drake P. Bearden, Jr., Esquire
Attorney PA I.D. 308035
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100 x 3050
Facsimile: (856) 702-6640
dbearden@lawjw.com
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL ROBINSON, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| EURO MOTORS d/b/a BMW OF MAINLINE, | : | |
| | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| *Defendant(s)* | : | |
| | : | |
| | : | |

Plaintiff, Michael Robinson, residing in the Commonwealth of Pennsylvania, by way of

Complaint against Defendant, says:

### INTRODUCTION

Plaintiff brings this suit against Defendant Euro Motors d/b/a BMW of Mainline

(hereinafter referred to as "Euro Motors" or "Defendant") alleging that Defendant discriminated

against him and subjected him to a hostile work environment because of his race and disability

and retaliated against him for engaging in protected conduct in violation of Title VII of the 1964

Civil Rights Act ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), the Americans with Disabilities Act

("ADA") and the Pennsylvania Human Relations Act ("PHRA").  Plaintiff also alleges he was constructively discharged from his employment with Defendant.

## PARTIES

1.      Plaintiff Michael Robinson was, at all times relevant herein, an individual residing in the Commonwealth of Pennsylvania and a former employee of Defendant.

2.      Defendant was, at all times relevant herein, a corporation operating in the State of Pennsylvania, with offices located at 225 Bala Avenue, Bala Cynwyd, PA 19004.

## JURISDICTION

3.      This action is brought pursuant to Title VII, § 1981, the ADA and PHRA. Jurisdiction is founded on 28 U.S.C. §§1331 and 1343(3) and the aforementioned statutory provisions.

4.      Jurisdiction lies under any state laws claims based on the principles of supplemental jurisdiction as codified at 28 U.S.C. §1367.

5.      The amount in controversy exclusive of interests and costs exceeds the minimum required amount of $75,000.

## VENUE

6.      The claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involved a defendant who resides within the jurisdictional limits.  Venue is accordingly invoked according to the dictates of 28 U.S.C. §1391(b) and (c).

7.      On May 19, 2023, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging racial and disability discrimination and harassment and retaliation against Defendant.

8.      Plaintiff dual filed that complaint with the Pennsylvania Human Relations Commission.

9.      On July 3, 2023, the EEOC issued Plaintiff a Right to Sue letter.

## PLAINTIFF'S ALLEGATIONS

10.     Plaintiff began working for Defendant car dealership, on August 11, 2018, at the 225 Bala Avenue, Bala Cynwyd, PA 19004 address as a Client Advisor.

11.     A Client Advisor's job is to sell vehicles at the dealership.

12.     Plaintiff is a Black man who also been diagnosed with diabetes.

13.     Plaintiff has several medical complications due to the diabetes.

14.     In 2020 and 2021, Plaintiff went out of work for approximately 4-6 weeks because of his condition.

15.     In July of 2022, Plaintiff went out again for approximately 30 days because of his diabetes condition.

16.     In October of 2022, Plaintiff started wearing special shoes because of his medical condition.

17.     Joe Serock, the General Sales Manager, told Plaintiff in October 2022, that he wanted an email directly from Plaintiff's doctor stating that Plaintiff had to wear special shoes as part of his job.

18.     At the time, Plaintiff had already provided a doctor's note that stated he needed an accommodation.

19.     Nick Defelice, the sales manager, also made comments about Plaintiff's shoes.

20.     Defelice specifically told Plaintiff he needed better shoes, he cannot wear those shoes there and made comments about the way Plaintiff's shoes looked.

21.     Plaintiff observed that Peter Ryan, who is White, walked around with no shoes on because he said his feet hurt, and was not subjected to the same scrutiny and ridicule.

22.     In or around October 2022, after Plaintiff made his accommodation request, the Sales Manager, Afroze Khan, told another employee, Andrenna Reed, not to give Plaintiff any more sales leads.

23.     In her position at the time, Reed was responsible with providing leads to the Client Advisors.

24.     Khan disproportionately directed Reed to send leads to White Client Advisors as opposed to Black Client Advisors like Plaintiff.

25.     Reed, who is Black, complained to Defendant about racial discrimination in the workplace.

26.     In October 2022, Plaintiff noticed he was no longer receiving any leads.

27.     This significantly impacted Plaintiff's ability to earn because he was paid based on commissions.

28.     In November and December 2022, this trend continued, and Plaintiff received little if any leads.

29.     Therefore, on January 6, 2023, Plaintiff sent a letter to Serock which stated Plaintiff was quitting due to Defendant taking away Plaintiff's leads.

30.     Plaintiff drafted a specific letter stating that he believed that he was being retaliated against because of his medical accommodations, and sent that letter to Serock.

31.     When Plaintiff provided the letter to Serock, he told Plaintiff he was sorry to see him leave.

32.     Serock then asked Plaintiff, "are you going to sue me?"  and said to Plaintiff "I can see me getting served in six months."

33.     Plaintiff told Serock that he needed to change his managers, because they discriminated against employees and retaliated against them.

34.     Serock told Plaintiff that he can fix people but he cannot get rid of them.

35.     Serock told Plaintiff he feels like it would be a personal attack if Plaintiff sued him.

## LEGAL AVERMENTS

36.     Plaintiff is a member of a protected class under Title VII, § 1981 and the PHRA as a Black man and an individual who engaged in protected conduct.

37.     Plaintiff if further a member of a protected class as an individual with a disability who requested accommodations because of that disability.

38.     Plaintiff was subjected to harassment that was severe and pervasive.

39.     Plaintiff was subjected to the harassment outlined above because he is a Black man with a disability.

40.     A reasonable Black man with a disability would find the harassment Plaintiff was subjected to so severe and pervasive that the work environment altered and became hostile, intimidating or abusive.

41.     Defendant is responsible for the harassment because it failed to reasonably promulgate a policy prohibiting the harassment.

42.     Defendant is also liable for the harassment because Defendant delegated to the harassing employees the authority to control the work environment and the harassing employees abused that authority to create a hostile work environment.

5

43.     Defendant is also liable in this matter because it knew or should have known about the harassment and failed to take prompt and effective remedial measures to stop it.

44.     Plaintiff was also subjected to adverse employment actions as listed above, which included, but were not limited to: instructing Reed not to send leads to Plaintiff which significantly impacted his earned commissions, criticizing Plaintiff's accommodation and instructing Plaintiff he cannot wear the medically proscribed shoes he was wearing.

45.     Plaintiff is further a member of a protected category as an individual who made numerous complaints about discrimination in the workplace and made a workplace accommodation request pursuant to Title VII, § 1981, the ADA and the PHRA.

46.     Subsequent to Plaintiff complaining about racial discrimination and harassment in the workplace, Defendant subjected Plaintiff to adverse employment actions as outlined in this complaint.

47.     A determinative or motivating factor in the adverse employment actions Defendant took against Plaintiff was Plaintiff's membership in the protected categories as outlined in this Complaint.

48.     The harassment and retaliation were purposeful, intentional and willful, and were either undertaken by members of upper management or members of upper management were willfully indifferent to the harassment and retaliation.

49.     Because the harassment and retaliation were intentionally egregious and because members of upper management either participated in the harassment and retaliation or were willfully indifferent to the harassment and retaliation, punitive damages are warranted.

50.     The working conditions were such that no reasonable person could have been expected to endure them, and therefore Plaintiff was constructively discharged.

6

51.    The harassment and retaliation listed above, include reducing Plaintiff's leads after he made an accommodation request to the extent Plaintiff's income decreased substantially.

52.    As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer economic and non-economic harm.

## COUNT I
## RETALIATION UNDER THE ADA

53.    Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

54.    Plaintiff engaged in protected activity under the ADA, as articulated at length in this Complaint, when he made a request for a medical accommodation.

55.    Subsequent to Plaintiff engaging in the protected activity outlined above, Defendant subjected him to adverse employment actions as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT II
## RETALIATION UNDER THE PHRA

56.    Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

57.    Plaintiff engaged in protected activity under the PHRA, as articulated at length in this Complaint, when he made a request for a medical accommodation.

58.    Subsequent to Plaintiff engaging in the protected activity outlined above,

Defendant subjected him to adverse employment actions as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT III
## DISCRIMINATION BASED ON RACE AND DISABILITY UNDER THE PHRA

59.     Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

60.     Plaintiff was subjected to discrimination based on race and disability that had an adverse effect on his employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IV
## RACIAL AND DISABILITY HARASSMENT UNDER THE PHRA

61.     Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

62.     Plaintiff was subjected to harassment based on his race and disability which had an adverse effect on his employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally

8

and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

**COUNT V**
**DISCRIMINATION BASED ON RACE UNDER § 1981**

63.    Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

64.    Plaintiff was subjected to discrimination based on race that had an adverse effect on his employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

**COUNT VI**
**RACIAL HARASSMENT UNDER § 1981**

65.    Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

66.    Plaintiff was subjected to harassment based on his race which had an adverse effect on his employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees,

9

equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VII
## DISCRIMINATION BASED ON RACE UNDER TITLE VII

67. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

68. Plaintiff was subjected to discrimination based on race that had an adverse effect on his employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT VIII
## RACIAL HARASSMENT UNDER TITLE VII

69. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

70. Plaintiff was subjected to harassment based on his race which had an adverse effect on his employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT IX
## DISCRIMINATION BASED ON DISABILITY UNDER THE ADA

71.     Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

72.     Plaintiff was subjected to discrimination based on disability that had an adverse effect on his employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

## COUNT X
## DISABILITY HARASSMENT UNDER THE ADA

73.     Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

74.     Plaintiff was subjected to harassment based on his disability which had an adverse effect on his employment as outlined above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, including emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement or promotion, and any other relief the Court deems equitable and just.

75.     Plaintiff requests the following equitable remedies and relief in this matter:

11

a.  Plaintiff requests a declaration by this Court that the practices contested herein violate Federal and State law as set forth herein.

b.  Plaintiff requests that this Court order the Defendant to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

c.  Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

d.  Plaintiff requests that the Court order the Defendant to alter its files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

e.  Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, PC**


By:  */s/ Drake P. Bearden, Jr.*
      Drake P. Bearden, Jr.

Dated:  September 13, 2023

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.


*s/ Drake P. Bearden, Jr.*
Drake P. Bearden Jr.
Attorneys for Plaintiff

Dated:  September 13, 2023


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.


*s/ Drake P. Bearden, Jr.*
Drake P. Bearden Jr.
Attorneys for Plaintiff